**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| TROY HARVEY, | : | Case No. 3:26-cv-00014 |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| CITY OF TROY, OHIO, *et al*., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff Troy Harvey recently filed two lawsuits in this Court. This is the second of those lawsuits. For the reasons discussed below, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** this case as **DUPLICATIVE** of the first.

Plaintiff Harvey submitted his first complaint in December 2025. He sued several defendants, including Miami County, Ohio; the City of Troy, Ohio; two state judicial officers; two police officers, and a family member. (*See* Doc. No. 1-1 in Case No. 3:25-cv-428.) The undersigned will refer to this as the First Case.

Plaintiff submitted his second complaint in January 2026, instituting this case. Here, he sues the City of Troy, Ohio and two police officers—the same two that he sued in the previous case: Dominic Burnside and Shawn McKenney. (*See* Doc. No. 4 in Case No. 3:26-cv-14.) The undersigned will refer to this as the Second Case.

Plaintiff's claims in the First Case were wide-ranging. (Complaint, Doc. No. 5 in the First Case.) In contrast, his claims in the Second Case were narrower, focusing on one

event that reportedly occurred on May 27, 2025. (*See* Complaint, Doc. No. 4 at PageID 26 in the Second Case.)

Because his first complaint was overlong and confusing, the Court ordered Plaintiff to file an amended complaint. (*See* Order for Amended Complaint, Doc. No. 5 in the First Case.) He filed an Amended Complaint in the First Case on February 27, 2026. (*See* Doc. No. 7 in the First Case.) The Amended Complaint is far narrower than the original Complaint in the First Case.

In fact, the Amended Complaint in the First Case is very similar (but not identical) to the Complaint in the Second Case. **(*Compare* Amended Complaint, Doc. No. 7 at PageID 759-760 in the First Case *with* Doc. No. 4 at PageID 26-27 in the Second Case.)** In both, Plaintiff sues the City of Troy, Ohio; Dominic Burnside; and Shawn McKenney. Both concern an alleged May 27, 2025 incident. Both are brought under 42 U.S.C. § 1983. Both appear to seek the same relief. And, there is overlap in the claims. (*Id.*) The Amended Complaint in the Second Case may be a later version of the Complaint in the First Case. (*See generally* Order for Amended Complaint, Doc. No. 6 at PageID 751-751 in the First Case [noting that the first Complaint "appears to include … subsequent versions of a complaint filed together"].)

The Court need not, and should not, expend judicial resources on both of these cases. The Supreme Court has explained that "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,'" have given rise to the "general principle" that duplicative litigation in the federal court system is to be avoided. *Colorado River Water*

*Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). A federal district court has the inherent power to dismiss an action when it is duplicative of another action pending in that court. *See, e.g., Baldwin v. Marshall & Ilsley Fin. Corp.,* No. 1:11-cv-804, 2011 WL 7499434, at *4 (S.D. Ohio Nov. 23, 2011) (Litkovitz, M.J.) (and numerous cases cited therein), *adopted*, 2012 WL 869289 (S.D. Ohio Mar. 14, 2012) (Weber, J.).

Upon careful review of both of Plaintiff Harvey's cases, the undersigned concludes that the Second Case is duplicative of the First Case. The undersigned therefore **RECOMMENDS** that the Court **DISMISS** this second case, Case No. 3:26-cv-14 as **DUPLICATIVE** of Case No. 3:25-cv-428. The undersigned further **RECOMMENDS** that the Court **CERTIFY** that an appeal of an order adopting this Report and Recommendation would not be taken in good faith and therefore **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Plaintiff may object to this recommendation as discussed in the section below. He is reminded that he must notify the Court if his mailing address changes while this case is pending.

**IT IS SO ORDERED**.

*s/Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

**DEADLINE TO FILE OBJECTIONS**

In accordance with Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may file and serve specific written objections to this Report and Recommendation

3

("R&R") **within fourteen (14) days** after being served with a copy. A party may respond to another party's objections **within fourteen (14) days** after being served with a copy. If necessary, the objecting party must promptly arrange for transcribing the record, or whatever portions of it to which the parties agree or the Magistrate Judge considers sufficient. If proper objections are timely filed, then the District Judge will conduct a de novo review of the challenged portion(s) of the R&R. Failure to file timely objections may forfeit rights on appeal. *See U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).