**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| TROY HARVEY, | : | Case No. 3:26-cv-14 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| CITY OF TROY, OHIO *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

**ENTRY AND ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS CASE NO. 3:26-CV-14 AS DUPLICATIVE OF CASE NO. 3:25-CV-428**

Currently before the Court is the Report and Recommendation (the "Report") (Doc. No. 12), wherein Magistrate Judge Caroline H. Gentry recommends dismissal of Case No. 3:26-cv-14 ("Case 2") as duplicative of an earlier filed case, Case No. 3:25-cv-428 ("Case 1").[1] (Case 2, Doc. No. 12 at PageID 54.)  In her Report, Magistrate Judge Gentry further recommends that the Court certify that any appeal of an order adopting the Report not be taken in good faith, and therefore, any motion to proceed *in forma pauperis* be denied. (*Id.*)  For the reasons identified below, the Court **ADOPTS** the Report in its entirety (Doc. No. 12).[2]

These cases emanate from a dispute wherein Plaintiff Troy R. Harvey ("Plaintiff") alleges Defendants City of Troy, Ohio; Dominic Burnside; and Shawn McKenney (collectively, "Defendants") failed to heed Plaintiff's warnings and requests for intervention when he contacted

---

[1] For simplicity's sake, the Court refers to the live pleading in Case 1 (Case 1, Doc. No. 7) as "Case 1 Complaint" and, in Case 2, the "Case 2 Complaint" (Case 2, Doc. No. 4). Citations will include the case number—either Case 1 (3:25-cv-428) or Case 2 (3:26-cv-14)—as well as the relevant document and page numbers.

[2] As of the date of this Order, there is one pending motion in Case 2, a Motion to Stay Proceedings Pending Completion of Ohio Civil Rights Commission Proceedings. (*See* Case 2, Doc. No. 7.) In adopting the Report, and thereby dismissing Case 2 as duplicative, that motion is rendered **MOOT**. (*Id.*)

them to report the alleged abuse of his then-elderly father, Ronald Harvey, just prior to his death. (*See generally* Case 1, Doc. No. 7; Case 2, Doc. No. 4.) Plaintiff initiated Case 1 on December 9, 2025, and Case 2 on January 15, 2026. (*See generally* Case 1, Doc. No. 1; Case 2, Doc. No. 1.) Originally, Plaintiff's allegations in Case 1 were directed at various defendants who were not parties to Case 2. (*Compare* Case 1, Doc. No. 5, *with* Case 2, Doc. No. 4.) However, in accordance with an Order of the Court (Case 1, Doc. No. 6), Plaintiff amended his Case 1 Complaint, thereby terminating all defendants except those listed above, which are also the Defendants in Case 2. (*See* Case 1, Doc. No. 7 at PageID 759; Case 2, Doc. No. 4 at PageID 26.) And as noted in the Report, the factual basis underlying these cases is the same—the Troy Police Department and its officers' purported failure to intervene and investigate Plaintiff's complaints regarding the treatment of his elderly father. (Case 2, Doc. No. 12 at PageID 53.) The only factual distinction, if any, is that Plaintiff's Case 2 Complaint seems to be temporally narrower than the allegations contained in Case 1, as the Case 2 Complaint's fact section focuses primarily on an alleged event that occurred on May 27, 2025, whereas Case 1's facts identify that event, among others. (*Compare* Case 1, Doc. No. 7 at PageID 759, *with* Case 2, Doc. No. 4 at PageID 26.) Thus, as they pertain to parties involved and underlying facts, Case 1 and Case 2 are practically identical. In his Objection (Case 2, Doc. No. 13) to the Report, Plaintiff attempts to offer a distinction between the two cases:

> Although both actions arise from related events involving the Troy Police Department, the procedural posture of the litigation has changed substantially since the filing of the original complaint [in Case 1].
>
> After filing the original federal action [in Case 1], Plaintiff complied with this Court's Order directing him to amend his complaint and narrow his claims.
>
> At approximately the same time, Plaintiff pursued administrative remedies before the Ohio Civil Rights Commission concerning discrimination and denial of reasonable accommodation.
>
> Those administrative proceedings significantly altered the legal landscape.
>
> Specifically, the Ohio Civil Rights Commission [i]nformed Plaintiff that his Request for Reconsideration raised allegations of disability discrimination and

2

denial of reasonable accommodation that had not ben investigated under his original age-discrimination charge.

The Commission expressly advised Plaintiff that he had the right to file a separate disability discrimination charge.

Plaintiff immediately complied.

Unlike repetitive litigation filed merely to obtain another opportunity to relitigate identical issues, Plaintiff acted in direct response to instructions provided by the administrative agency charged with enforcing Ohio Revised Code Chapter 4112.

Accordingly, Plaintiff respectfully submits that the procedural developments occurring after commencement of the federal litigation distinguish this matter from a typical duplicative action.

(Case 2, Doc. No. 13 at PageID 59.) For that reason, presumably, Plaintiff's Case 2 Complaint abandons the only deviating claim contained in the Case 1 Complaint, an Equal Protection claim, and retains only those relevant causes of action in Case 1—Fourteenth Amendment Due Process and *Monell* claims pursuant to § 1983. (*See* Case 1, Doc. No. 7 at PageID 760; Case 2, Doc. No. 4 at PageID 27.) In sum, Case 2's parties, facts, and claims are identical to those contained in Case 1, and the Case 1 Complaint simply transcends the Case 2 Complaint in scope.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a *de novo* review of the record in this case and finds that Plaintiff's Objection (Case 2, Doc. No. 13) is not well-taken. While the Court has no doubt that Plaintiff has acted in good faith and made diligent attempts to comply with administrative agency and Court orders thus far, the fact of the matter remains: Case 2 is duplicative of Case 1 in every sense. That the procedural posture of the case and accompanying claims have evolved alongside the progressing Ohio Civil Rights Commission proceedings does not call for the filing of an entirely new case. *See Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 328 (6th Cir. 2006) ("The appropriate method for adding new factual allegations to a complaint is . . . by filing an amended complaint."); *Courts v. Correct Care Sols., LLC*, No. 3:17-CV-00944, 2019 WL 3425892, at *7 (M.D. Tenn. July 30, 2019) ("If a plaintiff has a new claim based on facts that arise in discovery, the proper procedure is to amend

3

the complaint, per FED. R. CIV. P. 15(a).") (citing *Carter v. Ford Motor Co.*, 561 F.3d 562, 568 (6th Cir. 2009)), *R. & R. adopted*, 2019 WL 5261342 (M.D. Tenn. Oct. 17, 2019); *see also Basista Holdings, LLC v. Ellsworth Twp.*, 710 F. App'x 688, 694 (6th Cir. 2017) ("Claims form part of the same case or controversy when they derive from a common nucleus of operative fact such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding." (citation and quotation marks omitted)). It makes no difference that Plaintiff has altered his tactics in his pursuit of administrative remedies before the Ohio Civil Rights Commission because his federal claims in Case 1 and Case 2, both of which are before this Court, are identical—they contain the same underlying facts, parties, and claims.

Accordingly, the Court hereby **ADOPTS** the Report and Recommendation (Case 2, Doc. No. 12) in its entirety. The Clerk of court is **DIRECTED** to terminate this case, Case No. 3:26-cv-14, on the Court's docket as duplicative of Plaintiff's earlier filed case, 3:25-cv-428, and serve Plaintiff with a copy of this Order. Finally, the Court **CERTIFIES** that any appeal of its Order adopting the Report would not be taken in good faith, and therefore, Plaintiff should not be permitted to proceed *in forma pauperis*.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, July 8, 2026.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

4